IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KEVIN PAUL WOODRUFF,**              :
                                       :
        Petitioner,        :       CIVIL NO. 3:CV-07-0167
                                       :
   v.                                  :       (Judge Caputo)
                                       :
**HARLEY G. LAPPIN,**                  :
                                       :
        Respondent.        :

## M E M O R A N D U M

### I.   Introduction

Petitioner, Kevin Paul Woodruff, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, commenced this *pro se* action in the United States District Court for the District of Columbia ("DC Court") by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.  Thereafter, the DC Court transferred the case to this Court because Petitioner's custodian is located in the Middle District of Pennsylvania.  *See* Doc. 1-1 at 2, *citing Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  Petitioner seeks permission to proceed *in forma pauperis*.  (Doc. 1-3).  Respondent is Federal Bureau of Prisons Director Harley G. Lappin.[1]  Petitioner, having been convicted of unspecified crime(s) in the United States District Court for the Northern District of California ("Northern District of California"), claims that the Court was without proper jurisdiction and he claims that he is actually innocent of the criminal charges against him.

---

[1] Although Petitioner has named Mr. Lappin as Respondent in his petition, the proper Respondent in this action would be the "warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

**II.     Background**

Petitioner states that he was convicted of unspecified crime(s) following a jury trial in the Northern District of California, and on July 14, 1998 he was sentenced to 235 months imprisonment.  (Doc. 1-2 at 3.)  However, he asserts that the trial court was without proper jurisdiction, and he asserts that he is innocent of the charges against him.  Petitioner filed an appeal to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), and the Ninth Circuit affirmed his conviction on September 29, 1999.  (*Id.*)  Thereafter, Petitioner filed Petitioner filed a motion for relief under 28 U.S.C. § 2255, which was denied on July 15, 2003.  (*Id.* at 7.)  The instant petition ensued.  For the reasons that follow, the Court finds that § 2241 relief is unavailable to Petitioner, and will summarily dismiss the petition.

**III.    Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d

2

134, 141 (6th Cir. 1970).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion.  *See Davis v. U. S.*, 417 U.S. 333, 343 (1974); *see also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'"  *Brooks*, *supra*, 230 F.3d at 648 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).  "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative."  *Cradle v. U.S.*, 290 F.3d 536, 538 (3d Cir. 2002) (emphasis added).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  *Id*. at 539.  Petitioner has the burden

of proving that section 2255 would be an inadequate or ineffective remedy, *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255.  *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Petitioner has already challenged the trial court's jurisdiction and his conviction in a prior motion under § 2255.  (Doc. 1 at 10.)  It does not matter whether Petitioner has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming his inability to file a successive § 2255 motion from the specific language of the Code.  In either event, § 2255 is not inadequate or ineffective merely because he is unable to meet the gatekeeping requirements of the section.  *Dorsainvil*, 119 F.3d at 251.  If he has sought such permission, and been denied, then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[2]  If permission has not been sought, he would be required to do so under § 2244(b)(3)(A).[3]

At best, Petitioner has only demonstrated a personal inability to utilize the § 2255

---

[2] 28 U.S.C. § 2244(a) states:
"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."

[3] 28 U.S.C. § 2244(b)(3)(A) states:
"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

remedy a second time, because of the gatekeeping provisions in that section.[4]  Nothing in the instant petition alters the Court's conclusion that he has failed to establish the inadequacy or ineffectiveness of the remedy. Since section 2255 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the Court will dismiss this 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   An appropriate Order follows.


Dated: February 7, 2007.                                /s/ A. Richard Caputo
                                                                                      A. RICHARD CAPUTO
                                                                                      United States District Judge

---

[4] 28 U.S.C. § 2255 states in pertinent part:
"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
(1) newly discovered evidence . . . or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . ."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN PAUL WOODRUFF,** : | |
| : | |
| Petitioner, : | CIVIL NO. 3:CV-07-0167 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| **HARLEY G. LAPPIN,** : | |
| : | |
| Respondent. : | |

## O R D E R

**AND NOW, THIS 7th DAY OF FEBRUARY, 2007,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Motion to Proceed *in forma pauperis* (Doc. 1-3) is **GRANTED** for the purpose of filing the Petition for Writ of Habeas Corpus.

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1-2) is **DISMISSED** without prejudice to any right Petitioner may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

3. The Clerk of Court is directed to **CLOSE** this case.

4. There is no basis for the issuance of a certificate of appealability.

                                                      /s/ A. Richard Caputo
                                                      A. RICHARD CAPUTO
                                                      United States District Judge